IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

ETHEL TATUM,                            )
                                        )
                    Plaintiffs,         )
                                        )
vs.                                     )        CIVIL ACTION NO. 3:12cv110-WHA
                                        )                    (wo)
ADT SECURITY SERVICES, INC.; et al.,    )
                                        )
                    Defendants.         )

**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

This cause is before the court on the Plaintiff's Motion to Remand (Doc. #7), the

Plaintiff's Motion to Strike (Doc. #17), and the Defendants' Motion to Dismiss (Doc. #1-6).

The Plaintiff, Ethel Tatum ("Tatum"), originally filed a Complaint in the Circuit Court of

Macon County, Alabama on July 13, 2011.

Tatum brings claim arising out installation of an improper security system.  She alleges

that a security system which the Defendants installed at the daycare center she owned was

deemed unsafe, and she was ordered to cease business operations.  She does not claim a specific

amount in damages.

In the original Complaint, the Plaintiff alleged that she is a citizen of Alabama,

Defendant ADT services is a foreign corporation, Defendant Rodney Kennedy is an Alabama

citizen, Defendant Casey Colvin is an Alabama citizen, and Defendant Defender Security

Company is a foreign corporation.  On January 6, 2012, Tatum filed an amended summons and

complaint with a Georgia address for Colvin.

Defendants ADT Security Services, Inc.; Rodney Kennedy; and Defender Security Company filed a Notice of Removal on February 6, 2012.

The Defendants stated that all Defendants other than Casey Colvin had been served.   The Defendants further state that contrary to the allegations of the Complaint, Defendants Rodney Kennedy and Casey Colvin are citizens of Georgia, so that complete diversity exists.   The Defendants also state that the Complaint brings claims of negligence, wantonness, breach of contract, fraud, and breach of warranty, seeks damages for mental anguish and emotional distress, and seeks punitive damages, so that the amount in controversy exceeds $75,000.

For reasons to be discussed, the Motion to Remand is due to be DENIED, the Motion to Strike is due to be DENIED, and the Motion to Dismiss is due to be DENIED, without prejudice to being refiled.

## II.  REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983), *cert. denied*, 465 U.S. 1103 (1984).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States.  *See Kokkonen*, 511 U.S. at 377.  Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.  *See Burns*, 31 F.3d at 1095.

Any civil action brought in a state court of which district courts of the United States have original jurisdiction may be removed to a district court of proper venue and jurisdiction. 28 U.S.C. § 1441. Generally, a defendant shall file a notice of removal within thirty days after

receipt of the plaintiff's initial pleading. 28 U.S.C. § 1446. If the case was not initially removable, a defendant must file a notice of removal within thirty days after receipt of an amended pleading, motion, order, or other paper from which the defendant may have first ascertained that the case became removable. *Id.*

A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *Id.* To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

### III.  DISCUSSION

Two issues are raised by Tatum's Motion to Remand: the timeliness of the removal, and the amount in controversy at the time of removal. The Defendants' motion seeks dismissal, or more definite statement, under Alabama law.

#### A.  Timing of Removal

Section 1446(b) of Title 18 of the United States Code provides that cases are (1) removable on the basis of an initial pleading; or (2) become removable on the basis of "a copy of an amended pleading, motion, order or other paper." 28 U.S.C. § 1446(b); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007). In *Lowery*, the Eleventh Circuit explained that whether a case was removable based on initial complaint, or other paper, "the

documents received by the defendant must contain an unambiguous statement that clearly

establishes federal jurisdiction."  483 F.3d at 1213.  The court further cautioned that defendants

are bound by Rule 11 of the Federal Rules of Civil Procedure to file a notice of removal in good

faith, and to remove "where the grounds for removal are unequivocally clear and certain." *Id.*

As to the timing of the removal in this case, the Defendants state that the Complaint,

when filed, identified Rodney Kennedy ("Kennedy") and Casey Colvin ("Colvin") as

Defendants who, like the Plaintiff, Tatum, are citizens of Alabama.  Therefore, the Complaint

was not removable on its face.  The Defendants further state that they readily determined that

Kennedy, an employee of Defendant Defender Security Company, was in fact a Georgia citizen.

Colvin, on the other hand, was a former employee, and although the address on file for him was

also a Georgia address, attempts to reach Colvin at that address were unsuccessful.  The

Defendants have provided affidavit evidence that it appeared to them that Colvin no longer lived

at the address they had on file, and that his whereabouts were unknown.  Defendants' Exhibit A.

As a courtesy to Tatum, the Defendants provided her with the last known address they had for

Colvin.  *Id.*  Tatum then filed an amended summons for Colvin at that Georgia address on

January 6, 2012.  *(*Doc. #1-2, p.42).  The Defendants state that it was that amended summons

which constituted "other paper" pursuant to which they could first determine that the case was

removable.

Tatum argues that this is a situation in which the 30 day removal period began to run

from the date of the filing of the Complaint, because the defendants were able to ascertain that

the action was removable on that date, based on the information that the Defendants had on file.

4

Tatum states that because Colvin's address was provided by the Defendants, the Defendants knew the case was removable before Tatum filed her amended summons.

This court has previously had occasion to apply the general rule that a defendant cannot base the timing of its notice of removal on information allegedly obtained for the first time in a deposition, when the defendant legally possessed that information at an earlier date. *See Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1302-03 (M.D. Ala. 2003) (Albritton, J.).   In that case, information within the defendant's possession alerted it to its defenses against the plaintiff's claims, so that it could have asserted diversity jurisdiction on the grounds of fraudulent joinder within thirty days of the filing of the original complaint, rather than waiting for discovery responses which also provided that information.  *Id.*  Specifically, defenses such as the statute of limitations and that express provisions of a policy undermined a fraudulent representation claim were based on the plaintiff's receipt of a policy, and it was within the defendant's knowledge that it sent the policy booklet to the plaintiff's address.  *Id.* at 1305.

Similarly, in *Crews v. National Boat Owners Association Marine Ins. Agency, Inc.*, No. 2:05cv1057-MEF, 2006 WL 902269 (M.D. Ala. April 6, 2006) (Fuller, J.), an initial pleading was found to hold a "clue as to the existence of diverse citizenship," sufficient to trigger the thirty day removal period, because although diverse citizenship of co-defendants was not alleged, the addresses for service, indicating diverse citizenship, were included in the complaint.

Another case from this district found an exception to the general rule regarding the defendant's knowledge, under the facts that documents obtained by the defendants as to the states of domicile or immigration status for the plaintiffs were conflicting, so that it was proper for the defendants to wait to remove the case until after the depositions of the plaintiffs in which

the defendants verified the plaintiffs' addresses.  *Mendez v. Central Garden & Pet Co.*, 307 F.
Supp. 2d 1215 (M.D. Ala. 2003) (Thompson, J.).   The court reasoned that defendants should not
be required to guess at removability, but instead should objectively know that the case is
removable. *Id.* at 1221.   The court reasoned that the defendants did not unnecessarily delay
removal, but attempted to determine whether the case was removable, and removed the case as
soon as they determined that diversity existed.  *Id.*  The court further reasoned that if the
defendants had removed earlier, they would have put themselves at risk for Rule 11 sanctions.
*Id.*

  *Clingan* and *Crews* are distinct from this case in that here the Complaint stated that
defendants were believed to be citizens of Alabama and did not contain a clue as to diversity of
citizenship. The Defendants have provided affidavit evidence that although they had a Georgia
address on file for Colvin, their former employee, which indicated that that Colvin had diverse
citizenship,  they could not verify the apparently out-of-date information they had regarding their
former employee's address.  Therefore, while the Defendants had information within their
control, it was information that they were unable to verify.  The Defendants shared that
information with Tatum.  It was not until Tatum adopted the Georgia address of Colvin as being
the address for that defendant, by filing an amended summons, that, as in *Mendez*, the
Defendants objectively knew the case was removable, so that they could remove the case under
Rule 11.  Accordingly, the Notice of Removal filed within thirty days of the summons in which
Tatum used a Georgia address for Colvin for the first time was timely.

B.  Amount in Controversy

With respect to the issue of the amount in controversy, the Notice of Removal did not contain any factual information regarding damages, nor attach any such information.  The Defendants now seek to provide that information in response to the Motion to Remand, providing evidence of gross receipts and profits, and Tatum's mortgage, and pointing to her requested relief.

Tatum has moved to strike Exhibit B offered by the Defendants.  As the Defendants point out they have submitted tax information and mortgage information in exhibits other than Exhibit B.  Tatum argues that the Defendants' proof should be contained to the documents filed with the Notice of Removal, and that is insufficient under *Lowery*.

In *Lowery*, the court reasoned that in "assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed-i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id.* at 1214-15.  However, "there are some exceptions to the rule that the court is limited to considering the removing documents." *Id.* at 1214 n.66. One such exception is that "a defendant may effectively amend a defective notice of removal upon receipt of additional evidence that supplements the earlier-filed notice." *Id.*  In so reasoning, the court cited to *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002), in which the court held that the district court did not err in construing a defendant's opposition to a motion to remand, and accompanying evidence, as an amendment to the notice of removal.  *Lowery*, 483 F.3d at 1214 n.66.

In response to the Motion to Strike in this case, the Defendants have stated that they were not aware until Tatum filed her Motion to Remand that there was any dispute as to the amount in controversy, and, therefore, only gave a short and plain statement of the grounds for removal in the Notice of Removal, citing 28 U.S.C. § 1446(a).  They argue that once they became aware there was a dispute as to the amount in controversy, through Tatum's Motion to Remand, they attached relevant evidence to their opposition to remand.  The court will, therefore, deny the Motion to Strike, and consider the evidence attached to the Notice of Removal as an amendment to the Notice of Removal under *Lowery*.

The Defendants present Tatum's 2009 tax return as evidence that her gross receipts from the operation of her daycare were $225,861 and her net profit was $25,323. *See* Defendants' Exhibit B.  In 2008, her gross receipts were $261,251 and her net profit was $18,232. *See* Defendants' Exhibit C.  In 2007, Tatum's gross receipts were $332,466 and her profit was $36,195.  *See* Defendants' Exhibit D.  In 2006, Tatum's gross receipts were $361,165 and her profit was $12,514. *See* Exhibit E.  The average of her profits per year is $23,000.  According to the evidence provided, the amount due on Tatum's mortgage is $41,000.  *See* Defendants' Exhibit F.

Tatum has stated in her Complaint that she "has been caused to incur lost wages and business income in the past and may be caused to incur such lost wages, income, and profits in the future."  Complaint at ¶34(b).  Tatum was required to close her day care in July 2010 and filed her Complaint on July 2011, so it appears that she is seeking at least one year of lost business income and wages, and future profits.  Tatum also stated in the Complaint that she has been damaged in that the loan and note on the day care has been called, with the entire amount

8

due.  Tatum also seeks the difference in the value of the security system she purchased versus what she was promised, money expended on the security system, damages for mental anguish and emotional distress, and punitive damages.  Tatum does not argue that the amounts presented in evidence by the Defendant do not exceed the jurisdictional amount.

Having found that the evidence attached to the Defendants' opposition is due to be considered, and evaluating the Defendants' submissions, the court concludes that the Defendants have met their burden of proving by a preponderance of the evidence that the claimed amount, including lost income for a year, lost future profit, the amount due on Tatum's mortgage, along with her claim for mental anguish and emotional distress and punitive damages, exceeds $75,000.

### C.  Motion to Dismiss or for More Definite Statement

Finally, the Motion to Dismiss, having been filed in state court, is based on Alabama state procedural rules.  The Motion is therefore due to be DENIED, without prejudice to being refiled under the appropriate law, should the Defendants choose to do so.

### V.  CONCLUSION

For reasons discussed above, it is hereby ORDERED as follows:

1.  The Plaintiff's Motion to Strike (Doc. #17) is DENIED.

2.  The Plaintiff's Motion to Remand  (Doc. #7) is DENIED.

3.  The Defendants' Motion to Dismiss (Doc. #1-6) is DENIED without prejudice to being refiled under appropriate law, should the Defendants choose to do so.

DONE this 19thday of March, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE