IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ETHEL TATUM, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 3:12cv110-WHA |
| ) | (wo) |
| ADT SECURITY SERVICES, INC.; ) | |
| RODNEY KENNEDY; CASEY COLVIN, ) | |
| DEFENDER SECURITY COMPANY ) | |
| f/d/b/a DEFENDER DIRECT; A-C, etc., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This cause is before the court on the Plaintiff's Request for Permission to Appeal (Doc. # 24) and Defendants' Response in Opposition (Doc. #27).

The Plaintiff, Ethel Tatum ("Tatum"), originally filed a Complaint in the Circuit Court of Macon County, Alabama on July 13, 2011. In the original Complaint, the Plaintiff alleged that she is a resident of Alabama, Defendant ADT Security Services ("ADT") is a foreign corporation, Defendants Rodney Kennedy ("Kennedy") and Casey Colvin ("Colvin") are believed to be residents of Alabama, and Defendant Defender Security Company ("Defender") is a foreign corporation. Therefore, complete diversity of citizenship did not exist on the face of the Complaint. Tatum had Summonses by certified mail issued to both Kennedy and Colvin c/o Defender at its Indiana address. Answers were filed by all Defendants except Colvin. On January 6, 2012, Tatum refiled the Complaint with an Alias Summons showing a Georgia address for Colvin. Tatum was provided that address for Colvin by Defendant Defender, his

former employer. Tatum was informed that the Defendants could not verify Colvin's address. The Summons was returned showing that Colvin had moved. Colvin has never been served.

Defendants ADT, Kennedy, and Defender filed a Notice of Removal on February 6, 2012. The Notice alleged that, contrary to the allegations in the Complaint, Defendant Kennedy was not an Alabama resident, but a resident of Georgia. As to Colvin, the Notice alleged that he was a former employee of Defender, that Tatum's new Summons showed a Georgia address for him, and that the case was removed within 30 days of the issuance of the Alias Summons. The Defendants contend that the issuance of the Alias Summons by the Plaintiff constituted an "other paper from which it may first be ascertained that the case is one which is or has become removable," and thus the removal was timely pursuant to 28 U.S.C. § 1446 (b).

The Plaintiff filed a Motion to Remand, stating both that removal was untimely and that the requisite amount was not in controversy. She does not contest that Defendant Kennedy is not a resident citizen of Alabama, but contends that removal was untimely because the Defendants had knowledge of Colvin's Georgia address, and advised Tatum of it by letter, more than 30 days before the removal. Defendants responded that they had been unable to locate Colvin and merely gave Tatum's counsel the last known address they had.

This court concluded both that the removal was timely and that the requisite amount was in controversy. The Plaintiff only seeks to appeal the timeliness issue.

In determining that the Defendants' removal was timely, the case having been removed within 30 days following issuance of the Plaintiff's Alias Summons which indicated for the first time on the record that there was complete diversity, the court applied the reasoning of previous cases from this district, including *Clingan v. Celtic Life Ins. Co.*, 244 F. Supp. 2d 1298, 1302-03

(M.D. Ala. 2003); *Crews v. National Boat Owners Association Marine Ins. Agency, Inc.*, No. 2:05cv1057-MEF, 2006 WL 902269 (M.D. Ala. April 6, 2006); *Mendez v. Central Garden & Pet Co.*, 307 F. Supp. 2d 1215 (M.D. Ala. 2003).  The Eleventh Circuit has not ruled on this issue.  Therefore, the timeliness of a removal after an Alias Summons which indicated diversity of the parties for the first time, but more than 30 days after a complaint which on its face did not show complete diversity of parties, when the address in the Summons was provided to the Plaintiff, but could not be verified, by the Defendants, is a controlling threshold jurisdictional question of law as to which there is a substantial ground for difference of opinion, and an immediate appeal which would determine whether the case is properly heard by this court may materially advance the ultimate termination of this litigation.  *See* 28 U.S.C. § 1292.

Therefore, it is hereby ORDERED as follows:

1.  The Plaintiff's Request for Permission to Appeal  (Doc. #24) is GRANTED.

2.  Pursuant to 28 U.S.C. § 1292 (b), this court's Memorandum Opinion and Order entered on March 19, 2012, is AMENDED to add the following certification:

This Memorandum Opinion and Order involves a controlling question of law as to which there is substantial ground for difference of opinion and an immediate appeal from this order may materially advance the ultimate termination of this litigation.

DONE this 11th  day of April, 2012.

        /s/ W. Harold Albritton  
        W. HAROLD ALBRITTON  
        SENIOR UNITED STATES DISTRICT JUDGE