IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ETHEL TATUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | 3:12cv110-WHA |
| ADT SECURITY SERVICES, INC., | ) | |
| RODNEY KENNEDY; CASEY COLVIN | ) | (wo) |
| DEFENDER SECURITY COMPANY f/d/b/a | ) | |
| PROTECT YOUR HOME; DEFENDER | ) | |
| SECURITY COMPANY f/d/b/a DEFENDER | ) | |
| DIRECT, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. FACTS AND PROCEDURAL HISTORY**

This cause is before the court on a Motion to Dismiss, filed by the Defendants, ADT Security Services, Inc.; Rodney Kennedy; Defender Security Company f/d/b/a Defender Direct (Doc. #46).

The Plaintiff, Ethel Tatum, originally filed a Complaint in the Circuit Court of Macon County, Alabama on July 13, 2011.

The Plaintiff brings claim arising out of the installation of an improper security system. She alleges that a security system which the Defendants installed at the daycare center she owned was deemed unsafe, and she was ordered to cease business operations. She does not claim a specific amount in damages. The Defendants named in her Complaint are ADT Security Services, Inc.; Rodney Kennedy ("Kennedy"); Casey Colvin ("Colvin"); Defender Security Company f/d/b/a Protect Your Home; Defender Security Company f/d/b/a Defender Direct; and Fictitious Defendants A-C and D-F.

Defendants ADT Security Services, Inc.; Kennedy; and Defender Security Company filed a Notice of Removal on February 6, 2012.

The Plaintiff filed a Motion to Remand, which this court denied, finding that it had diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  The Plaintiff subsequently requested that the case be certified for interlocutory appeal, which this court granted.   The Plaintiff filed a Notice of Appeal with the Eleventh Circuit Court of Appeals, but her appeal was ultimately dismissed because she did not file a petition for permission to appeal within ten days of this court's Order.  (Doc. #36).

Defendants ADT Security Services, Inc.; Kennedy; and Defender Security Company ("the Defendants") subsequently filed their Motion to Dismiss, seeking dismissal of Count IV of the Complaint.  In Count IV, the Plaintiff bring a claim for fraud which, incorporating earlier paragraphs of the Complaint by reference, alleges that "these Defendants and/or fictitious Defendants, including Kennedy and Colvin, while acting in their capacity as agents, servants, employees and/or representatives of Defendants ADT, Protect Your Home, Defender Direct and/or fictitious Defendants A-F made certain representations . . . ."  Complaint at ¶ 13.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED in part and DENIED in part.

## II.  MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the

elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See  Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.   The factual allegations  "must be enough to raise a right to relief above the speculative level." *Id*. at 555.

### III.  DISCUSSION

The Defendants have moved to dismiss the claim in Count IV of the Plaintiff's Complaint on the ground that the Plaintiff has not adequately pled a claim for fraud under Rule 9(b) of the Federal Rules of Civil Procedure.  Specifically, the Defendants state that the Plaintiff has failed to allege the person whom she contends made misrepresentations to her, or the time and place of the misrepresentations.

Rule 9(b) provides that: "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making the statements, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud. *Ziemba v. Cascade Intern., Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001)

3

(quoting *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)).

In moving to dismiss Count IV, the Defendants have quoted only from the allegations of Count IV itself.  As the Plaintiff points out, however, Count IV incorporates the preceding paragraphs of the Complaint, which contain more specific factual allegations.   The factual allegations of the Complaint include allegations that representations were made to the Plaintiff in May 2010 by Defendants Kennedy and Colvin, in Tuskegee, Macon County, Alabama.  The Complaint sets out the content of four specific representations. Complaint at ¶13.  The Complaint also alleges the nature of the Plaintiff's reliance, and that the Defendants installed a security system after representing that it was an appropriate system for the business.  Id. at ¶¶ 14, 15.

In reply, the Defendants acknowledge that the factual allegations of the Complaint identify specific individuals and their representations, but maintain that the Complaint does not satisfy Rule 9(b) because the Defendants alleged to have made fraudulent representations include all Defendants, including Fictitious Defendants.

Upon consideration of the briefs, the Complaint, and the applicable law, it appears to the court that the Motion to Dismiss is due to be DENIED as to the claim in Count IV to the extent that it is based upon allegations of fraudulent representations relied on by the Plaintiff, and made by named Defendants Kennedy and Colvin, in May 2010, in Tuskegee, Macon County, Alabama.  To the extent, however, that Count IV is based on allegations of fraud by unnamed representatives of the corporate Defendants, including Fictitious Defendants, it is due to be GRANTED for failing to adequately state a claim for fraud under Fed. R. Civ. Pro. 9(b).  In

addition, because the time for amendment of the pleadings has passed, (Doc. #42 at §4), the fictitious Defendants are due to be stricken from the Complaint.

## IV.  CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1.  The Motion to Dismiss (Doc. #46) is DENIED to the extent that Count IV is based on allegations of fraudulent representations by Defendants Kennedy and Colvin, in May 2010, in Tuskegee, Macon County, Alabama.

2.  The Motion to Dismiss (Doc. #46) is GRANTED to the extent that Count IV is based on allegations of fraud by any unnamed agent of the corporate Defendants, including Fictitious Defendants.

3.  Fictitious Defendants A-C and D-F are STRICKEN from the Complaint in this case.


Done this 6th day of March, 2013.


          /s/ W. Harold Albritton  
          W. HAROLD ALBRITTON  
          SENIOR UNITED STATES DISTRICT JUDGE